Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAYBOY ENTERTAINMENT GROUP, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HAPPY MUTANTS, LLC, a Delaware limited liability company; and DOES 1 through 10,<br><br>Defendants. | Case No. 2:17-cv-08140-FMO-PLA<br>Hon. Fernando M. Olguin Presiding<br><br>FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

PLAYBOY ENTERTAINMENT GROUP, INC. hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff PLAYBOY ENTERTAINMENT GROUP, INC. ("PLAYBOY") is a Delaware corporation with its principal place of business at 9346 Civic Center Drive, Beverly Hills, California 90210.

5. Plaintiff is informed and believes and thereon alleges that Defendant HAPPY MUTANTS, LLC ("MUTANTS") is a Delaware limited liability company with its principal place of business at 800 Lovell Avenue, Mill Valley, California 94931.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement - Against All Defendants, and Each)

8. Plaintiff PLAYBOY owns the exclusive rights attendant to 477 original photographs commonly referred to as Playboy Centerfolds ("Centerfolds"), each of which has been duly registered with the United States Copyright Office. Attached hereto as Exhibit A is a chart listing the 477 Centerfolds.

9. Plaintiff is informed and believes and thereon alleges that following its publication of the Centerfolds, a third party made unauthorized copies of the Centerfolds and then, without PLAYBOY's consent, uploaded scans of each of the Centerfolds to the website imgur.com.

10. Plaintiff is further informed and believes and thereon alleges that a third-party made unauthorized copies of the Centerfolds and incorporated said unauthorized copies into a video that was posted on YouTube without PLAYBOY's consent.

11. On information and belief, MUTANT's Boing Boing wesite is a commercial website established in 1995 and relaunched in 2000 as a weblog featuring a self-proclaimed "directory of wonderful things."

12. On information and belief, by the mid-2000s, Boing Boing "had become one of the most-read and linked-to blogs in the world" according to one report, leading it to begin adding advertising by late 2004. Said advertising continued through the time of the Infringing Post, with paid advertising placed above and to the left and right of the posted material.

13. On information and belief MUTANT generates substantial revenues each year based on its popularity and the number of viewers it can attract with its content by selling and displaying advertisements and marketing and selling product.

14. On or about February 29, 2016, Xeni Jardin, the co-editor of Boing Boing, created a post featuring and promoting said unauthorized reproductions and touting

the availability of "Every Playboy Playmate Centerfold Ever" for viewing or download (hereinafter, "Infringing Post"), as shown below:




15. Defendants knew or had reason to know that the Infringing Post linked to and promoted material that was posted without PLAYBOY's consent and in violation of its copyrights. Specifically, Defendants knew or had reason to know that the reproductions of the Centerfolds was neither posted nor authorized by PLAYBOY, and that the use of the Centerfolds did not constitute fair use because, *inter alia*, each and every Centerfold was reproduced—far more than reasonably necessary for any claimed editorial purposes.

16. By undertaking substantial promotional efforts to encourage visits to the infringing material, MUTANT materially contributed to the infringing conduct.

17. Defendants' conduct has also adversely affected the market for or value of the Centerfolds. PLAYBOY has generated, and has a reasonable expectation of generating into the future, significant revenue from the distribution and display of the Centerfolds, as it has monetized and continues to monetize said works through

sales of books, magazines and other publications (including *Playboy: The Compete Centerfolds, 1953-2016*), DVDs and other recorded video formats, and on the subscription website PlayboyPlus.com. MUTANT's promotion of the unauthorized free publication of the Centerfolds thus does great harm to their marketability by PLAYBOY.

18. Defendants had reason to know that linking to infringing content may result in copyright infringement liability. Amongst other things, including the obviously infringing nature of the linked content and the dubious context in which it was posted – a sophisticated web publisher would not believe that PLAYBOY would post, or authorize the posting of, its content in the manner it was posted – Boing Boing posted an article relating to liability related to linking, albeit in connection with EU Courts, in 2016 at https://boingboing.net/2016/09/09/european-court-rules-that-maki.html.

19. PLAYBOY is informed and believes that the infringing materials on imgur and YouTube were available for download and/or viewing such that, by directing its viewers to those infringing materials, Defendants induced the impermissible reproduction, display, and/or distribution of the Centerfolds. Furthermore, Defendants clearly expressed their intention to promote the infringement of PLAYBOY's copyrights, as evidenced by their affirmative communication of praise for the "wonderful person" who made the Centerfolds freely available on Imgur, and the public acknowledgement of the YouTuber who created the infringing video. So owing, Defendants are also liable for copyright infringement under the "inducement" theory of liability.

20. Due to Defendants', and each of their, acts of infringement, including contributory infringement, Plaintiff has suffered damages in an amount to be established at trial.

21. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Centerfolds. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement, including contributory infringement, of Centerfolds in an amount to be established at trial.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement, including contributory infringement, with actual or constructive knowledge of Plaintiff's rights such that said acts of infringement were, and continue to be, willful.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and each:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Centerfolds, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Centerfolds from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law;

      c. That Plaintiff be awarded his costs and attorneys' fees, including as available under the Copyright Act U.S.C. § 101 et seq.;

      d. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

      e. That Plaintiff be awarded pre-judgment interest as allowed by law;

      f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 5, 2018     By:     */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Howard S. Han, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff