UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PLAYBOY ENTERTAINMENT GROUP INC., | ) ) ) | Case No. CV 17-8140 FMO (PLAx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| HAPPY MUTANTS, LLC, <u>et al.</u>, | ) ) ) | |
| Defendants. | ) ) | |

    Having reviewed and considered all the briefing filed with respect to defendant Happy Mutants LLC's ("Happy Mutants" or "defendant") Motion to Dismiss Plaintiff Playboy Entertainment Group Inc.'s First Amended Complaint (Dkt. 19, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, <u>see</u> Fed. R. Civ. P. 78; Local Rule 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

    Many motions to dismiss can be avoided if the parties confer in good faith (as required by Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. <u>See</u> <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course[.]" Fed. R. Civ. P. 15(a)(1). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy

favoring amendment be applied with "extreme liberality." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001); <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).

The court will grant defendant's Motion and dismiss plaintiff's First Amended Complaint (Dkt. 14, "FAC") with leave to amend. In preparing the Second Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendant's Motion. For example, the court is skeptical that plaintiff has sufficiently alleged facts to support either its inducement or material contribution theories of copyright infringement.[1] (<u>See</u>, <u>generally</u>, Dkt. 14, FAC at ¶¶ 8-22); <u>see</u> <u>Tarantino v. Gawker Media, LLC</u>, 2014 WL 2434647, *3 (C.D. Cal. 2014) ("An allegation that a defendant merely provided the means to accomplish an infringing activity is insufficient to establish a claim for copyright infringement. Rather, liability exists if the defendant engages in personal conduct that encourages or assists the infringement.") (internal citations omitted); <u>Perfect 10, Inc. v. Giganews, Inc.</u>, 847 F.3d 657, 672 (9th Cir.), <u>cert.</u> <u>denied</u>, 138 S.Ct. 504 (2017) ("We have described the inducement theory as having four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation.") (internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss Complaint **(Document No. 19)** is **granted**.

2. Plaintiff's First Amended Complaint **(Document No. 14)** is **dismissed with leave to amend**.

3. If plaintiff still wishes to pursue this action, it is granted until **February 26, 2018**, to file a second amended complaint attempting to cure the deficiencies set forth above as well as the other alleged defects outlined in defendant's Motion. The court expects that defendant will agree to any amendments that will or attempt to cure the alleged defects.

---

[1] Defendant's "fair use" argument is premature at this stage. A motion to dismiss under Rule 12(b)(6) cannot be granted based on an affirmative defense unless that "defense raises no disputed issues of fact." <u>Scott v. Kuhlmann</u>, 746 F.2d 1377, 1378 (9th Cir. 1984) (<u>per</u> <u>curiam</u>).

4. The second amended complaint must be labeled "Second Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. CV 17-8140 FMO (PLAx). In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make its Second Amended Complaint complete. Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended pleading supersedes the original pleading. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]") (citations and internal quotation marks omitted).

5. Plaintiff is cautioned that failure to timely file a Second Amended Complaint may result in this action being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

6. Defendant shall file its Answer to the Second Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **March 12, 2018.**

7. In the event defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **March 5, 2018, at 10:00 a.m.**[2] meet and confer in person at an agreed upon location within the Central District of California to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion). Failure to include such a declaration will result in the motion being denied. Dated this 14th day of February, 2018.

/s/
Fernando M. Olguin
United States District Judge

---

[2] Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.