Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAYBOY ENTERTAINMENT GROUP, INC., a Delaware corporation, <br><br>Plaintiff, <br><br>v. <br><br>HAPPY MUTANTS, LLC, a Delaware limited liability company; and DOES 1 through 10, <br><br>Defendants. | Case No. 2:17-cv-08140-FMO-PLA <br> <u>Hon. Fernando M. Olguin Presiding</u> <br><br>**RESPONSE TO ORDER TO SHOW CAUSE** |

On February 14, 2018 this Court issued an Order granting Defendant's motion to dismiss with leave to amend. That Order appeared to give Plaintiff the option of either filing a Second Amended Complaint by February 26, 2018 or having the case dismissed without prejudice. Plaintiff thus believed that this case would simply be dismissed without prejudice should it not file a Second Amended Complaint and is unclear as to why this Order to Show Cause threatening sanctions has issued.

Given this Court's statement in its February 14, 2018 Order that it was "skeptical that plaintiff has sufficiently alleged facts to support either its inducement

PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
1

or material contribution theories of copyright infringement" (docket No. 26, page 2, lines 7-8), which referenced the 2014 *Tarantino v. Gawker Media, LLC* case (which in turn held that a plaintiff asserting contributory infringement claims based on linking to third party content had to plead specific facts that the linking led to further acts of infringement),[1] Plaintiff has elected to pursue third party subpoenas under, *inter alia*, The Digital Millennium Copyright Act Section 512(h) in order to obtain further facts before determining how to proceed on its claims against Happy Mutants.

Based on the foregoing, Plaintiff submits that there is no basis for sanctions; however, the case can and should be dismissed without prejudice at this juncture per this Court's February 14, 2018 Order.

Respectfully submitted,

Dated:  March 12, 2018      By:     */s/ Stephen M. Doniger*
                                    Stephen M. Doniger, Esq.
                                    Howard S. Han, Esq.
                                    DONIGER /BURROUGHS
                                    Attorneys for Plaintiff

---

[1] As discussed in Plaintiff's opposition to Defendant's motion to dismiss, it appears to Plaintiff that Judge Walter's decision in *Tarantino v. Gawker Media, LLC* finding that evidence of further infringements is required is inconsistent with the plain language of the Ninth Circuit's holding in *Perfect 10, Inc. v. Amazon.com, Inc. et al.*, 508 F.3d 1146 (9th Cir. 2007) that "Google could be held contributorily liable if it had knowledge that infringing Perfect 10 images were available using its search engine, could take simple measures to prevent further damage to Perfect 10's copyrighted works, and failed to take such steps." 508 F.3d at 1172.